UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------x
THADDEUS HARDY,                                :
                                               :   CASE NO.:
            Plaintiff,                         :
                                               :   Judge:
vs.                                            :
                                               :
                                               :   Magistrate:
                                               :
MCCONNELL ENTERPRISES, LLC and                 :
190 OCTANE RETAIL LLC                          :
                                               :
            Defendants.                        :
------------------------------------------------------x

## COMPLAINT

Plaintiff, THADDEUS HARDY, by and through his undersigned counsel, hereby files this Complaint and sues MCCONNELL ENTERPRISES, LLC and 190 OCTANE RETAIL LLC (hereinafter referred to as "DEFENDANTS"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

1

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, THADDEUS HARDY, (hereinafter referred to as "MR. HARDY"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MR. HARDY resides in Orleans Parish at 2100 Clio Street, New Orleans, Louisiana 70113.

6. MR. HARDY is a qualified individual with a disability under the ADA and the LCHR. MR. HARDY is a paraplegic due to a spinal cord injury.

7. Due to his disability, MR. HARDY is substantially impaired in several major life activities and requires a wheelchair to ambulate.

8. Upon information and belief, MCCONNELL ENTERPRISES, LLC, a Louisiana limited liability company, is the owner of the real properties and improvements which are the subject of this action, to wit: Fat Tuesday Bourbon 1, 633 Bourbon St., New Orleans, LA 70130 (hereinafter referred to as "the Property").

9. Upon information and belief, 190 OCTANE RETAIL LLC, a limited liability company domiciled in Delaware, is the owner and franchisor of over 100 "Fat Tuesday" locations, including: Fat Tuesday Bourbon 1, 633 Bourbon St., New Orleans, LA 70130 (hereinafter referred to as "the Property").

10. Upon information and belief, the Property is a daiquiri shop.

11. Mr. HARDY has visited the Property to drink.

12. DEFENDANTS are obligated to comply with the ADA and the LCHR.

13. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14. MR. HARDY realleges and reavers Paragraphs 1 - 13 as if they were expressly restated herein.

15. The Property is a place of public accommodation, subject to the ADA, generally located at: 633 Bourbon St., New Orleans, LA 70130.

16. Upon information and belief, MR. HARDY has visited the Property and desires to visit the Property again in the future.

17. Upon information and belief, MR. HARDY'S most recent visit to the Property prior to filing this original Complaint was in May of 2024.

18. During this visit, MR. HARDY was unable to enter the Property because there is a step-up into the Property and there is no ramp.

19. MR. HARDY continues to desire to visit the Property but will continue to experience serious difficulty due to the step-up into the Property with no ramp, which is still the case.

20. MR. HARDY lives within close geographic proximity of the Property. MR. HARDY'S house is less than two miles from the Property.

21. MR. HARDY plans on returning to the Property to drink, but fears that he will encounter the same barriers to access which are the subject of this action.

22. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MR. HARDY due to, but not

limited to, the following violations which exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

        A.    There is a step up to the Property's entrance which precludes a wheelchair from gaining entry; and

        B.    Other mobility-related ADA barriers to be identified following a complete inspection.

23. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

24. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

25. Upon information and belief, removal of the barriers to access located on the Property would provide MR. HARDY with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

26. Independent of his intent to return as a patron to the Property, MR. HARDY additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

27. MR. HARDY has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. HARDY is entitled to have his reasonable attorneys' fees,

costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

### COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

28. MR. HARDY repeats and realleges all preceding paragraphs in support of this claim.

29. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANTS.

30. At all times relevant to this action, MR. HARDY has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

31. At all times relevant to this action, DEFENDANTS' Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

32. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

33. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

34. DEFENDANTS discriminated against MR. HARDY, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to many of the architectural barriers discussed in this Complaint.

35. MR. HARDY deems himself injured by DEFENDANTS' discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of DEFENDANTS' discriminatory conduct and deliberate indifference as alleged herein above.

36. MR. HARDY is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MR. HARDY demands judgment against DEFENDANTS, and requests the following injunctive relief, damages, and declaratory relief:

A. That this Court declare that the Property, owned by DEFENDANTS, is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MR. HARDY pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANTS in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and

      other expenses of suit, to MR. HARDY pursuant to the ADA and the LCHR; and

E.      That this Court award such other and further relief as it deems necessary, just and proper.

      Respectfully Submitted,

**BIZER & DeREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DeREUS (LA # 35105)
EVA M. KALIKOFF (LA #39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email:  andrew@bizerlaw.com
          gdereus@bizerlaw.com
          eva@bizerlaw.com